MAURICE SANCHEZ, Bar No. 101317
KEVIN M. COLTON, Bar No. 93654
LISA M. GIBSON, Bar No. 194841
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611
Email: msanchez@bakerlaw.com
kcolton@bakerlaw.com
lgibson@bakerlaw.com

Attorneys for Plaintiff
Volkswagen Group of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAUL CHEVROLET, INC. dba CARDINALEWAY VOLKSWAGEN, a California Corporation; JOEL EARL, an individual, JOHN QUINONES, an individual, JAMES AUSTIN, an individual, SALVADOR aka "Sal" BARAJAS, an individual, TERRY GUINN an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 5:15-cv-00505<br><br>[ASSIGNED FOR ALL PURPOSES TO JUDGE _____]<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **FRAUD**<br>4. **INTENTIONAL MISREPRESENTATION**<br>5. **CONCEALMENT**<br>6. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br>7. **VIOLATION OF VEHICLE CODE SECTION 11705 (A) (14)**<br><br>**DEMAND FOR JURY TRIAL** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT

Plaintiff, VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, ("VWGoA") for its Complaint against Defendants Saul Chevrolet, Inc. dba CardinaleWay Volkswagen ("CARDINALEWAY"), JOEL EARL ("EARL"), JOHN QUINONES ("QUINONES"), JAMES AUSTIN ("AUSTIN"), SALVADOR aka "Sal" BARAJAS ("BARAJAS"), TERRY GUINN ("GUINN"); and DOES 1 through 10 (collectively "DEFENDANTS"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, VWGoA seeks monetary and injunctive relief for breach of contract, breach of the covenant of good faith and fair dealing, fraud, intentional misrepresentation, concealment, unfair and deceptive business practices, and violations of the Vehicle Code under the laws of the State of California.

## THE PARTIES

2. VWGoA is a corporation organized and existing under the laws of New Jersey, with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171 and is authorized to do business in the State of California.

3. Volkswagen of America, Inc. ("VWoA") is an operating unit of VWGoA.

4. CARDINALEWAY is a corporation organized and existing under the laws of California, with its principal place of business at 2603 Wardlow Road, Corona, California 92882.

5. EARL, QUINONES, BARAJAS, and GUINN are individuals, on information and belief, residing in southern California, within the geographic boundaries of the Central District of California and are or were employees of CARDINALEWAY.

6. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as DOES 1 through 10, inclusive, are presently unknown to VWGoA, which therefore sues these defendants by said

605937180.1

fictitious names. VWGoA will amend this complaint to allege these defendants' true names and capacities when they become known.

7. VWGoA is informed and believes, and thereon alleges, that, at all times mentioned herein, each of the defendants named as DOES 1 through 10 has been an officer, director, agent, employee or alter ego of the other defendants and in doing the acts alleged herein has incurred liability to VWGoA.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 28 U.S.C. Sections 1332 and 1367(a) and based upon the principles of supplemental jurisdiction. Jurisdiction over the causes of action exists because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the DEFENDANTS in that DEFENDANTS, on information and belief, are domiciled in this District and all of the DEFENDANTS have committed the acts alleged herein and caused injury, in this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) in that CARDINALEWAY'S principal place of business and, with the exception of AUSTIN; upon information and belief, EARL, QUINONES, BARAJAS, and GUINN's residences are located in this District and the events and/or omissions giving rise to the claims hereinafter set forth occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. VWGoA is engaged in the business of importing, distributing, and advertising, new motor vehicles and related accessories and parts. VWGoA distributes new Volkswagen vehicles to authorized dealers located throughout the United States for sale to the public, and holds a license from the State of California to conduct this business within the State. VWGoA has been engaged in the motor vehicle business in the United States for approximately 60 years.

12. CARDINALEWAY holds an automobile dealer license from the California Department of Motor Vehicles. VWoA and CARDINALEWAY, doing business as CardinaleWay Volkswagen, entered into a Volkswagen Dealer Agreement, which incorporates the Standard Provisions therein, on or about January 17, 2008 (the "Dealer Agreement" or "Standard Provisions"). The Dealer Agreement authorized, among other things, CARDINALEWAY to sell Volkswagen authorized products at 2603 Wardlow Road, Corona, California ("the Dealership Premises"). A true and correct copy of the current Dealer Agreement and Standard Provisions is attached hereto as Exhibit "A."

13. Under Article 7(5) of the Standard Provisions, CARDINALEWAY agreed, in accordance with bulletins issued from time to time by VWoA and VWoA's warranties, to perform maintenance and service on Volkswagen vehicles, for their owners. Upon submission of appropriate claims, VWoA reimburses CARDINALEWAY for performing such warranty and other services at the then-current rate of reimbursement specified by VWoA for CARDINALEWAY. CARDINALEWAY agreed to comply with VWoA's procedures for submitting and processing warranty reimbursement claims.

14. Under Article 9(1) of the Standard Provisions, VWoA warrants each new authorized product (including vehicles) on the terms as set forth in VWoA's warranties.

15. Under Article 9(3) of the Standard Provisions, CARDINALEWAY agrees to comply with all requests of VWoA for the performance of services pursuant to warranty claims and will maintain detailed records of time and parts consumption in performing warranty service and any other records used as the basis for submitting warranty claims. CARDINALEWAY submits warranty claims to VWoA electronically. In return for CARDINALEWAY's compliance with such requests and maintenance of such records, VWoA reimburses it for work performed on warranty claims, in accordance with its policies and procedures. VWoA has no

4

COMPLAINT

605937180.1

obligation to reimburse CARDINALEWAY with respect to warranty claims not submitted electronically and not made strictly in accordance with such policies and procedures.

16. Under Article 10(1) of the Standard Provisions, CARDINALEWAY agreed to keep accurate and current records in accordance with VWoA's uniform accounting system and with accounting practices and procedures reasonably satisfactory to VWoA. Under Article 10(4) of the Standard Provisions, VWoA may inspect the methods, records and accounts of CARDINALEWAY relating to its operations.

17. On or about September 23, 2014 VWGoA received an anonymous letter from someone purporting to be an employee of CARDINALEWAY, alleging that warranty fraud against VWGoA was occurring at CARDINALEWAY and suggesting that VWGoA audit the dealership, "especially on warranty and rentals". The letter alleged actual or apparent knowledge about this activity on the part of GUINN, Mr. Cardinale and his direct reports. A true and correct copy of this letter and its envelope is attached as Exhibit "B".

18. VWoA subsequently conducted a statistical analysis of the warranty claims activity at CARDINALEWAY. Inferential statistical analysis was employed to determine the characteristics of a claim population, based on examples from individual members of the group. Using this data, a hypothesis was constructed describing the expected characteristics and content for certain subsets of claims. Based upon a finding that a high probability of non-compliance with VWoA's policies and procedures had occurred, certain claims were selected for an in-dealership examination.

19. VWoA also performed a "pre-inspection" targeted claim review of rental car claim submissions by CARDINALEWAY.

20. On February 4 and 5, 2015 based on the results of VWoA's statistical analysis and targeted claim review, VWoA sent two warranty field managers to the

CARDINALEWAY Dealership Premises to conduct an onsite inspection ("Inspection") in accordance with Article 10(4) of the Standard Provisions.

21. The Inspection revealed, among other irregularities, that EARL and QUINONES, who function as repair technicians at CARDINALEWAY, consistently have overlapping and concurrent time punches on their daily time sheets. Overlapping and concurrent time punching means that each technician was recording labor hours for different repairs on the same vehicle ("lines") and/or on different vehicles at the same time. Comparing multiple days for EARL's and QUINONES' respective time sheets revealed the same overlapping occurrences. Furthermore, examples of "repeating minutes" were found. Repeating minutes means that time punches were made showing that at the very same one-tenth of a minute the technician stopped one repair, he simultaneously started working on another repair. The daily time sheets for EARL and QUINONES included numerous instances of repeating minutes.

22. The Inspection also found that according to other dealership records, EARL and QUINONES took a lunch break each day from 12:00 noon until 1:00 p.m. Their daily time sheets, however, indicated during this same period on the same day, they were performing repairs. Further, EARL and QUINONES each consistently submitted daily time sheets that in total time exceeded 24 hours. Upon information and belief, these time sheets should have been reviewed by and/or should have been known to be false by GUINN as part of his responsibilities for CARDINALEWAY and in order to submit warranty repair and maintenance claims to VWoA. Upon information and belief, the information on these time sheets was either known or should have been known to be false by AUSTIN as part of his responsibilities for CARDINALEWAY. As such, GUINN and AUSTIN should have determined the falsity of the time sheets and should have prevented the claims from being submitted to VWoA.

23. The Inspection also revealed that additional, unrequested repairs not documented on the face of rental car repair orders appear on CARDINALEWAY's write-up copy of the same orders, which in order to be true should be identical but were not. Items that appear on the write-up copy should be as requested by the rental car agency, and should not be the result of any technician findings made during service. Technician findings should only appear on the technician's copy of the repair orders, not the write-up copy. Upon information and belief, BARAJAS would or should have known that these additional and repairs not requested by the rental car agency, should not appear on CARDINALEWAY's write-up copy, and should have prevented such false claims from being submitted to VWoA.

24. The Inspection also revealed that CARDINALEWAY submitted claims for reimbursement on repairs allegedly performed on a rental car that upon information and belief was not present at the Dealership Premises at the stated time of the alleged repair.

25. On information and belief, EARL, QUINONES, AUSTIN, BARAJAS, and GUINN and DOES 1-10, acting on behalf of CARDINALEWAY, either directly submitted or directed others to submit numerous warranty repair and maintenance claims to VWoA that were either not performed, not requested to be performed, or not necessary to be performed.

26. As a result of these intentional and egregious acts of Defendants, VWGoA has incurred damages in the payments for warranty and maintenance expense, incentive trips, and the cost of inspection, over and above the minimum amount to invoke the diversity jurisdiction of this court.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT – AGAINST CARDINALEWAY)

27. VWGoA incorporates by reference Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Under Article 2(2)(c) of the Standard Provisions, CARDINALEWAY is required to avoid all discourteous, deceptive, misleading, unprofessional or unethical practices with regard to its basic obligations to VWoA.

29. By submitting false, fraudulent and misleading warranty claims, CARDINALEWAY has breached Article 2(2)(c) of the Standard Provisions.

30. CARDINALEWAY's actions in submitting sham warranty repair claims for reimbursement by VWoA has violated Article 14(j) of the Standard Provisions that states that the Dealer Agreement may be terminated based on CARDINALEWAY's submission of any claim that is "fraudulent or knowingly false."

31. VWoA has complied with its obligations under the Dealer Agreement.

32. As a result of CARDINALEWAY's breaches of the Dealer Agreement as alleged above, VWGoA has suffered harm in the form of monetary damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

33. CARDINALEWAY has wrongfully profited from its breaches of the Dealer Agreement and has been unjustly enriched to the detriment of VWGoA. CARDINALEWAY's breaches have caused VWGoA monetary damage in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF
## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING - AGAINST CARDINALEWAY)

34. VWGoA incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. VWoA and CARDINALEWAY are parties to the Dealer Agreement, which in the Standard Provisions specifically requires CARDINALEWAY to comply with the procedures established by VWoA for processing warranty claims

and the provisions of the various dealer warranty manuals (collectively, "Warranty Manual").

36. Implied in every agreement is a covenant of good faith and fair dealing. Therefore, implied in the Dealer Agreement is an obligation on the part of CARDINALEWAY to act in good faith to permit VWoA to receive the benefits of that contract.

37. VWoA has complied with its obligations under the Dealer Agreement.

38. No conditions existed to excuse CARDINALEWAY's performance under the Dealer Agreement.

39. CARDINALEWAY's submission of sham and false warranty repair and maintenance claims interfered with VWoA's right to receive the benefits of the contract, resulting in reimbursement of claims ineligible under the Warranty Manual and Dealer Agreement.

40. As a result of CARDINALEWAY's breaches of the covenant of good faith and fair dealing in the Dealer Agreement as alleged above, VWGoA has suffered harm in the form of damage and injury to its business, reputation and goodwill, and has and will sustain loss of revenues and profits.

41. CARDINALEWAY has wrongfully profited from its breaches of the covenant of good faith and fair dealing and has been unjustly enriched to the detriment of VWGoA. CARDINALEWAY's breaches have caused VWGoA monetary damage in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF
## (FRAUD – AGAINST ALL DEFENDANTS)

42. VWGoA incorporates by reference Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and DOES 1 through 10 submitted sham warranty repair and maintenance

claims to VWoA that stated the service was completed for Volkswagen retail customers.

44. CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants submitted labor and parts claims to VWoA for repairs that purported to be true and accurate.

45. The sham repairs were either not performed or were unnecessarily performed.

46. CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants each knew or should have known that their submissions to VWoA were false and fraudulent at the time they were made.

47. CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants each intended that VWoA would rely on these submissions to improperly qualify for reimbursement payments and/or trip incentives.

48. VWGoA reasonably relied on CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants' submissions.

49. As a result of these submissions and VWGoA's reliance thereon, VWGoA incurred monetary damages in an amount to be determined at trial.

50. Defendants' actions were intentional and Defendants knew that their actions would cause VWGoA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles VWGoA to a recovery of exemplary damages in an amount to be determined at trial.

///
///
///
///

## FOURTH CLAIM FOR RELIEF
## (INTENTIONAL MISREPRESENTATION – AGAINST ALL DEFENDANTS)

51.  VWGoA incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.  CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants submitted warranty repairs and maintenance claims to VWoA that stated that the service was performed for Volkswagen retail customers.

53.  CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants submitted labor and parts claims to VWoA for such service that was purported to have been both necessary and performed.

54.  The service which is the subject of this complaint was either not performed or was unnecessarily performed.

55.  CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants knew or should have known that their subject representations to VWGoA were false at the time they were made.

56.  CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants intended and knew that VWGoA would rely on these misrepresentations and sought to avoid adverse action by VWGoA against CARDINALEWAY and to improperly qualify for reimbursement payments and/or trip incentives provided by VWGoA.

57.  VWGoA reasonably relied on CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants' representations.

58.  As a result of these misrepresentations of defendants and each of them, and VWGoA's justifiable reliance thereon, VWGoA incurred monetary damages in an amount to be determined at trial.

COMPLAINT

605937180.1

59. Defendants' actions were intentional and Defendants knew that their actions would cause VWGoA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles VWGoA to a recovery of exemplary damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## (CONCEALMENT – AGAINST ALL DEENDANTS)

60. VWGoA incorporates by reference Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and DOES prevented VWGoA from discovering the actual warranty repairs for Volkswagen retail customers at CARDINALEWAY by submitting sham warranty repair and maintenance claims to VWoA.

62. VWoA did not, does not and will likely never know the actual warranty repairs and maintenance service provided for Volkswagen retail customers at CardinaleWay Volkswagen.

63. CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and DOES intended to deceive VWoA by concealing from it those customer service levels.

64. If the concealed information been disclosed, VWoA reasonably would have behaved differently.

65. As a result of this concealment, VWoA incurred monetary damages in an amount to be determined at trial.

66. Defendants' actions were intentional and Defendants knew or should have known that their actions would cause VWoA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles VWGoA to a recovery of exemplary damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 – AGAINST ALL DEFENDANTS)

67. VWGoA incorporates by reference Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. Defendants have engaged in unlawful, unfair, dishonest, deceptive, false and misleading acts and business practices, in violation of California Business and Professions Code sections 17200, including by, among other things, submitting sham and false warranty repair and maintenance claims for Volkswagen retail customers to VWoA which purported to be performed for Volkswagen retail customers.

69. VWGoA has no adequate remedy at law. As a result of Defendants' acts as alleged above, VWGoA has suffered and will continue to suffer irreparable harm in the form of damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits, and will continue to do so unless and until Defendants are permanently restrained and enjoined by the Court from further violating VWGoA's rights.

70. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of VWGoA. Defendants' unlawful actions have caused VWGoA monetary damage in an amount yet to be determined.

71. By reason of the acts of Defendants, VWGoA is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## (VIOLATION OF VEHICLE CODE SECTIONS 11705(A)(14) – AGAINST ALL DEFENDANTS)

72. VWGoA incorporates by reference Paragraphs 1 through 71 of this

COMPLAINT

605937180.1

Complaint as if fully set forth herein.

73. VWGoA, a licensee of the California Department of Motor Vehicles ("DMV"), is suffering pecuniary damage in an amount to be determined, as a result of the willful failure of CARDINALEWAY, EARL, QUINONES, AUSTIN, BARAJAS, GUINN and the DOE defendants, who are also licensees of the DMV, to comply with Vehicle Code section 11705(a)(14).

74. Vehicle Code section 11705(a)(14) states that it is unlawful "to cause[] any person to suffer any loss or damage by reason of any fraud or deceit practiced on that person or fraudulent representations made to that person in the course of the licensed activity." The Defendants' actions described above constitute fraud and deceit perpetrated against VWGoA.

75. VWGoA as a licensee of the DMV is entitled to recover its damages, to obtain injunctive relief and to recover its reasonable attorneys' fees, from defendants and each of them, as licensees of the DMV, pursuant to Vehicle Code section 11726.

76. Defendants' actions were intentional and Defendants knew that their actions would cause VWGoA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles VWGoA to a recovery of exemplary damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, VOLKSWAGEN GROUP OF AMERICA, INC. respectfully prays for judgment as follows:

A. For an award of actual and exemplary damages and profits arising from all Defendants' fraudulent actions, pre- and post-judgment interest, and VWGoA's costs and attorneys' fees associated with this action.

B. For restitution against all Defendants in an amount to be proven at trial for unfair, fraudulent and illegal business practices under California Business and Professions Code section 17200;

C. For monetary damages arising from CARDINALEWAY's breach of the Dealer Agreement in an amount to be proven at trial;

D. For a Permanent Injunction prohibiting CARDINALEWAY or any of its owners, employees, agents, contractors or representatives, including but not limited to EARL, QUINONES, AUSTIN, BARAJAS, and GUINN, from submitting sham, false or fraudulent warranty repair and maintenance claims to VWoA.

E. For such other and further relief as this Court deems to be reasonable, necessary and just.

Dated: March 16, 2015

BAKER & HOSTETLER LLP
MAURICE SANCHEZ
KEVIN M. COLTON
LISA M. GIBSON


/s/Maurice Sanchez
Maurice Sanchez
Attorneys for Plaintiff
VOLKSWAGEN GROUP OF AMERICA, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Volkswagen Group of America, Inc. hereby demands a trial by jury of all issues so triable.

Dated: March 16, 2015

BAKER & HOSTETLER LLP
MAURICE SANCHEZ
KEVIN M. COLTON
LISA M. GIBSON


/s/Maurice Sanchez
Maurice Sanchez
Attorneys for Plaintiff
VOLKSWAGEN GROUP OF AMERICA, INC.