**O**

NOTE: CHANGES MADE BY THE COURT

# United States District Court
# Central District of California

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., | Case № 5:15-cv-00505-ODW (SPx) |
| Plaintiff, | **ORDER GRANTING STIPULATION** |
| v. | **FOR LEAVE TO FILE A FIRST** |
| SAUL CHEVROLET, INC. dba | **AMENDED COMPLAINT [56]** |
| CARDINALEWAY VOLKSWAGEN; | |
| JOHN QUINONES; JAMES AUSTIN; | |
| SALVADOR BARAJAS; TERRY | |
| GUINN; and DOES 1-10, inclusive, | |
| Defendants. | |

Having read and considered the parties' Stipulation for Leave to File a First Amended Complaint (ECF No. 56), and with good cause appearing, the Court **ORDERS** as follows:

(1) Counts III through VII of Plaintiff's Complaint for fraud, intentional misrepresentation, concealment, violation of California Business & Professions Code § 17200, *et seq.*, and violation of California Vehicle Code § 11705(a)(14) are dismissed as to Defendant Saul Chevrolet, Inc. dba CardinaleWay Volkswagen ("CardinaleWay") only;

(2) CardinaleWay's Motion for Judgment on the Pleadings, as well as Defendant Terry Guinn's Joinder thereto, are **DENIED** as moot (ECF Nos. 41, 42);[1]

(3) Plaintiff's Application for Leave to Amend is **DENIED** as moot (ECF No. 43);

(4) Plaintiff is given seven (7) days' leave to file the First Amended Complaint in the form attached to the Stipulation; and

(5) Defendants shall have twenty-one (21) days <u>from the filing of the First Amended Complaint</u> to respond to the First Amended Complaint.

/ / /

/ / /

/ / /

/ / /

---

[1] Because Guinn stipulated to the filing of the First Amended Complaint, his joinder to the Motion for Judgment on the Pleadings is necessarily moot despite his attempt to stipulate otherwise. The Court cannot grant judgment in Guinn's favor on claims in the original complaint if that is not the operative complaint. *See, e.g.*, *Nicosia v. Diocese of Reno*, No. 3:10-CV-00667-HDM, 2011 WL 1447686, at *1 (D. Nev. Apr. 14, 2011) ("Because an amended complaint supersedes the original complaint, it will generally moot any pending motions to dismiss." (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009))); *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." (quotation marks omitted)); *Salat v. Pirotto*, No. 2:14-CV-01468-MCE-AC, 2014 WL 6435509, at *1 (E.D. Cal. Nov. 14, 2014). Per the parties' agreement, Guinn is free to move to dismiss the First Amended Complaint if he feels that it suffers from the same defects.

Finally, the Court notes that the parties have recently filed and opposed numerous motions only to withdraw their motions or oppositions at the last minute. This has wasted significant judicial resources and attorneys' fees.  It appears that meaningful meet and confer efforts under Local Rule 7-3 would have resolved at least some of these disputes prior to the filing of the motions.  To that end, the Court **ORDERS** that all future meet and confer efforts under Local Rule 7-3 must occur **in person** and must address **all issues** that the parties intend to put before the Court. Failure to do so may result in the summary denial of the motion or of specific issues therein.  *See Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012).

**IT IS SO ORDERED.**

October 9, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

3